UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-22121-CV-LENARD/TURNOFF

MANUEL VILERLA-RIVAS,

    Plaintiff,

vs.

OSTERIA DE GLI AMICI, LLC, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon an Order of Referral entered by the Honorable Joan A. Lenard on December 8, 2009 **[D.E. 18]**, and Plaintiff's Motion to Compel Defendants' Compliance with Settlement Agreement. **[D.E. 17]**.

A status conference on this matter took place before the undersigned on Monday, December 21, 2009. The Court notes that Defendants failed to appear despite having been served with a copy of the Court's Notice of Status Conference *via* Federal Express. **[D.E. 21]**.

Upon review of the Motion **[D.E. 17]**, the court file, hearing from counsel for Plaintiff, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

This is an FLSA case filed by Manuel Vilerla-Rivas against Osteria de Gli Amici, LLC on July 21, 2009. **[D.E. 1]**. On October 26, 2009, the parties filed a Joint Motion to Dismiss and advised the Court that they had reached an Agreement. **[D.E. 15]**. On November 5, 2009, Judge Lenard entered an Order Approving the Settlement Agreement and Dismissing the Case. **[D.E. 16]**.

## Settlement Agreement

Pursuant to the Settlement Agreement (dated October 19, 2009), Defendants agreed to pay Plaintiff $6,000 in exchange for, among other things, a full release. **[D.E. 15]**. The agreed upon payment schedule was as follows: (1) the first check in the amount of $2,000 ( $1,000 for Plaintiff's attorney and $1,000 for Plaintiff) was to be paid within five (5) days of the agreement; (2) the second check in the amount of $2,000 ($1,000 for Plaintiff's attorney and $1,000 for Plaintiff) was to be paid within thirty (30) days of the agreement; and (3) the last check in the amount of $2,000 ($500 for Plaintiff's counsel and $1,500 for Plaintiff) was to be paid within sixty (60) days of the agreement. See **[D.E. 15, Ex. A]**.

## Instant Motion

The instant Motion was filed on December 7, 2009. **[D.E. 17]**. In the Motion, Plaintiff states that Defendants have failed to make **any** of the scheduled payments. Plaintiff is seeking: (1) a finding that Defendants have not complied with the agreement, (2) the entry of a judgment against Defendants that includes an assessment of fees and costs for the filing of this motion. No response has been filed by Defendants.

As noted above, Defendants did not appear at the hearing. Because the docket does not indicate that Defendants are represented by counsel, the Court took additional steps to ensure that Defendants received the Notice of Status Conference. Specifically, the Court ordered Plaintiff to serve Defendants with same. Plaintiff complied with the Court's Order and has submitted proof of service of said Notice (as well as other correspondence) *via* Federal Express. **[D.E. 21]**.

In light of the foregoing, the undersigned finds that: (1) The parties entered into a valid and binding agreement; (2) Defendants are in default for failure to make payments due and owing

pursuant to the settlement agreement; and (3) Defendants have not contested the instant Motion.

Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion **[D.E. 17]** be **GRANTED**.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993); Lo Conte v. Dugger, 847 F. 2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this ___29___ day of December 2009.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record